UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LARRY BINKLEY, et al.,

Plaintiffs,

v.

UPONOR, INC.,

Defendant.

Case No. 25-cv-07180-EMC

ORDER DENYING MOTION FOR
LEAVE TO SEEK
RECONSIDERATION

Docket No. 63

On March 19, 2026, the Court granted in part and denied in part Defendant Uponor's Motion to Dismiss. Dkt. No. 62. In the Order, the Court dismissed without leave to amend Plaintiffs' implied warranty claim under the Song-Beverly Act, on the basis that Plaintiffs were not buyers under the Act. *Id.* at 27-28. Plaintiffs seek leave to file a motion for reconsideration, arguing that the Court did not consider a "dispositive" California appellate court case on this issue, *Atkinson v. Elk Corp.*, 109 Cal. App. 4th 739 (Cal. App. 2003). Dkt. No. 63.

The Song-Beverly Act defines a "buyer" as "any individual who buys consumer goods from a person engaged in the business of manufacturing, distributing, or selling consumer goods at retail." Cal. Civ. Code § 1791 (Definitions). In *Atkinson*, the court considered whether a manufacturer of roof shingles that did not sell its shingles direct to consumers could be considered a retail seller of household goods. It determined that roof shingles were not a household good then subject to the Act. In so holding, the Court assumed that the plaintiff – who specifically directed his roofing contractor to purchase the manufacturer's roof shingles based on representations he saw in a brochure – could be considered a "buyer" of goods from the retail seller under the Act. *Atkinson*, 109 Cal. App. 4th at 751. In reaching this conclusion that the homeowner who contracted with the roofing contractor was a "buyer," *Atkinson* rejected the distinction between a

<div style="writing-mode: vertical-lr">United States District Court<br>Northern District of California</div>

consumer who personally buys roof shingles from a local home improvement store versus one who buys them via a contractor as part of a roofing contract.  *Id.* at n.12.  According to the court, both may be treated as buyers under the Act.

But that dicta in *Atkinson* is easily distinguishable.  Here, unlike the plaintiff in *Atkinson*, Plaintiffs did not buy the piping in question personally *or* via a contractor as part of a plumbing installation contract.  Plaintiffs did not buy the piping at all; it came installed when they bought their homes.  Dkt. No. 62 at 10, 28.  Nor did they direct a contractor, who essentially acted as their agent, to purchase the pipes in question, whether individually or as part of an overall plumbing installation contract.  Instead, Plaintiffs purchased their completed homes from third-parties who had contracted with a general contractor who, in turn, had contracted with a plumbing subcontractor, who, in turn, had purchased the pipes in question.[1]  Even under *Atkinson*'s broader understanding of a buyer, Plaintiffs were not by any stretch buyers of Uponor piping.  They did not choose the piping, nor did they direct an agent to purchase the piping for them as in *Atkinson*.  They were removed by many steps from the purchase of the Uponor piping and are thus not buyers for the purpose of the Song-Beverly Act.  Since there was no manifest failure to consider a dispositive legal argument, Plaintiffs' motion for leave to seek reconsideration is **denied**.

**IT IS SO ORDERED**.

Dated: 4/7/2026

_____
EDWARD M. CHEN
United States District Judge

---

[1] Plaintiffs assert in a footnote that one Plaintiff, Mr. Binkley, is differently situated in that he did not buy his home with Uponor piping already installed but purchased it (via contractor) as part of a home remodel.  Such facts are not in the Complaint, and Mr. Binkley's declaration at Dkt. No. 28-2 is ambiguous on this score – it does not clearly assert that Uponor piping was introduced through his remodel, nor does it describe Mr. Binkley's level of involvement with that decision.  In any case, the Court is bound by the allegations within the four corners of the Complaint at this stage and may not consider allegations outside of it.  If Plaintiffs wish to amend to clarify with specificity Mr. Binkley's participation in purchasing Uponor piping, they may do so.  Depending on the allegations, this could impact the analysis under *Atkinson,* though this may have implications for class certification.

2